8721

CATLETT v. BURKE.

1. CONTRACTS—STATUTE OF FRAUDS—ISSUES.—In an action on a breach of a parol contract for personal services, where there is a controversy as to when the contract was made, it is proper to admit parol evidence as to the making of the contract and send to the jury the issue of when it was made.

2. IBID.—IBID.—Where such parol contract is void because to commence at a future day, the parties can, on the day it is to begin, restate or make again the same contract which would then be valid.

3. IBID.—THE MASTER MAY DISCHARGE THE SERVANT if he fail to carry out his part of the contract.

Before FRANK B. GARY, J., Spartanburg, November, 1912. Affirmed.

Action by J. P. Catlett against J. K. Burke. Defendant appeals.

*Messrs. Bomar & Obsorne,* for appellant, cite: *As to what memoranda must contain:* 13 Rich. Eq. 250; 21 S. C. 491; 25 S. C. 511; 33 S. C. 383. *What contract is within the statute:* 33 S. C. 378.

*Messrs. Carson & Boyd,* contra.

January 13, 1914.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    Appellant thus stated his case:

"This was an action tried in the Court of Common Pleas for Spartanburg county, which resulted in a verdict and judgment for plaintiff for $600.00.    The action was for the recovery of one thousand dollars damages alleged to have been suffered by plaintiff on account of being wrongfully discharged by the defendant, for whom he claims he was working under a contract for one year's services, commencing August 29, 1910, at one hundred dollars per month and expenses.    Plaintiff claims, and it is admitted, that after he had been employed for two months he was discharged by defendant on October 29, 1910.

Defendant set up as defenses (in addition to general denial) the statute of frauds and justification for the discharge.    Defendant claims, first, that he was justified in discharging him, because of his inefficiency and dilatoriness; and second, that the contract was not in writing, was for a year's services, to begin at a future date, and within the statute.

The appeal questions his Honor's rulings in refusing to strike out evidence; in overruling motion for nonsuit; in overruling motion for direction of verdict; and in the charge to the jury.    These subjects will now be discussed in their order."

Exception I. "This questions the action of the Judge in refusing to strike out the oral testimony of plaintiff in relation to the contract, it appearing that the contract was for services to begin at a future date, and to last for one year, and that the contract was not in writing, as required by the statute."

I. The first exception cannot be sustained. The main question in the case was as to the date of the contract. The defendant claimed that the contract was made in the early part of August, 1910, and that the contract was to begin several weeks after the date of the contract and to continue for a year. The plaintiff claimed that he made the contract on the 29th of August, the day upon which he commenced work. Plaintiff said: "My father conveyed to me a message that he (defendant) would give me $100.00 a month and twelve month's work. I came to Spartanburg on those conditions. I accepted that proposition. I accepted it after I got here." Again, plaintiff said: "I made the contract on the 29th day of August, 1910." This raised a question of fact as to the date, and if made on the 29th August, his Honor was bound to admit the testimony and allow it to remain unless he was authorized to find as a matter of fact that these statements were not true. He had no such power.

II. Exception II. "This raises the question as to whether a nonsuit should have been granted." What was said under the first exception, applied here and this exception is overruled.

III. Exception III. "Is based on refusal to direct a verdict is dependent upon the foregoing argument and facts." This exception is overruled for the same reason.

IV. "It is respectfully submitted that his Honor erred in refusing to charge defendant's second request to charge, which was as follows: '2. If you find that plaintiff and defendant entered into the contract sued upon and that such contract was for a year's service and to begin at a future date, the fact, if it be a fact, that they renewed or restated the contract again on the date that the performance of the services began, would not take the case out of the statute and plaintiff would not be entitled to recover, if the alleged renewal of the contract was merely

a restatement of the same old conract.' It being respectfully submitted that the said request contained a sound proposition of law, applicable to the testimony in the case, and should have been charged."

This exception is overruled. Even if the jury came to the conclusion that the parties did agree upon the terms of the contract some weeks before, and it was therefore void under the statute, there is no authority to which we have been referred and nothing in law that suggests itself to this Court that prevents the parties, who have made a contract that is void as to form, from curing the formal defects. If the proposition contended for by appellant were correct, then the parties could not have made a valid contract even in writing.

To illustrate: A agrees to sell B a tract of land for five thousand dollars. B pays the money. The contract to convey is void under the statute, but A subsequently makes a conveyance in writing. It certainly could not be held that the deed was void because the original contract was void.

If they had attempted to make a contract before, it was void; that is, no contract. Even if they had made a valid contract, they had the right to change it and make a new contract and the new contract would be the contract. For subsequent difference they would stand on the substituted contract. If the substituted contract were valid, it would bind the parties. If invalid, it would not.

V. Exception V. "It is respectfully submitted that the presiding Judge erred in refusing to charge the defendant's third request, which was as follows: 'The relations between the plaintiff and the defendant was that of master and servant, and I charge you that the defendant had a right to discharge the plaintiff for any breach of the contract on the part of the plaintiff which had a tendency to injure the defendant's business or interests. If the contract called for any special skill or promptness on the

part of the plaintiff in performing the work, and he did not live up to the contract, and such failure had a tendency to injure the defendant's business or cause him loss, defendant was justified in discharging him, and the verdict should be for the defendant.' It being respectfully submitted that said request contained a correct proposition of law applicable to the facts in the case, and should have been charged." This exception cannot be sustained.

His Honor charged the jury: "I charge you that if the plaintiff failed to carry out his part of the contract, then the defendant was justified in discharging him. It is essential for you to determine what were the terms of the contract. If the plaintiff failed to comply with those terms as you find them, then the defendant had the right to discharge him." This charge was more favorable to the appellant than the request. The request limited the right of discharge to a failure that tended to injure the defendant's business or interest. The charge allowed a discharge for any failure to perform the terms of the contract.

VI. Exception VI. "It is respectfully submitted that his Honor erred in charging the jury as follows: 'It is for you to say when that contract began. It is for you to say when the minds of the parties met. If that contract was to be performed within twelve months after the minds of the parties met; if that contract was to be performed within one year from that date, then it is not within the statute of frauds. It is not void by the fact it is not in writing, if that is what you find. That is one of the essential facts in this case for you to determine—when did the minds of these parties meet?' It being respectfully submitted that it was error to submit to the jury the foregoing and to charge them as stated, for the reason that there was no dispute as to the fact that the minds of the parties met and the contract was made for the term of one year, which, according to the undisputed testimony, was to begin at a

date subsequent to the date of the making of the contract, and, further, it was not disputed that the minds of the parties met and the contract was made while the plaintiff was still living at Anderson, S. C., and, according to his own testimony, he accepted the proposition made verbally and by telegram to him while there, and that he could not begin the performance of the year's service until some two or three weeks thereafter."

This exception is overruled for the reasons heretofore stated. The parties had a perfect right to make a contract on the 29th of August, to be performed within the year. Did they make such a contract? That was a question for the jury.

Judgment affirmed.